UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

February 18, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____NM_____
DEPUTY

| | | |
|---|---|---|
| LUIS COSTAS,<br>TDCJ No. 00680407,<br><br>Petitioner,<br><br>v.<br><br>ERIC GUERRERO, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. SA-25-CA-0752-OLG |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Luis Costas's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Respondent Eric Guerrero's Answer (ECF No. 9) thereto. In his § 2254 petition, Petitioner challenges the constitutionality of the sentences assessed for his 1994 state court convictions for murder and attempted capital murder, arguing that the trial court erred in ordering the sentences to run consecutively despite both offenses arising from the same criminal episode. In his answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Background

In July 1994, Petitioner plead guilty to the offense of murder and was sentenced to life imprisonment. *State v. Costas*, No. 93CR3777 (227th Dist. Ct., Bexar Cnty., Tex. July 1, 1994).[1] He also plead guilty to the separate offense of attempted capital murder committed on the same day and received a fifty-year sentence. *State v. Costas*, No. 94CR3631W (227th Dist. Ct., Bexar Cnty., Tex. July 1, 1994).[2] Pursuant to the terms of the plea agreement, Petitioner's 50-year sentence for the attempted capital murder offense runs consecutive to the life sentence he received for the offense of murder.[3] Petitioner did not directly appeal either of these convictions and sentences.[4]

Instead, Petitioner waited over twenty-eight years to collaterally challenge the constitutionality of his convictions and sentences in an application for habeas corpus relief. Petitioner filed his first two state habeas corpus applications—one for each conviction—on August 15, 2022. *Ex parte Costas*, Nos. 95,539-02, -03 (Tex. Crim. App.).[5] The Texas Court of Criminal Appeals denied both applications without written order on August 7, 2024.[6] Petitioner later filed a third state habeas application challenging his underlying convictions on February 28, 2025, which was ultimately dismissed by the Texas Court of Criminal Appeals on April 9, 2025, as abusive pursuant to Tex. Code Crim. Proc. Art. 11.07, Sec. 4. *Ex parte Costas*, No. 95,539-04

---

[1]    ECF No. 8-14 at 114-21 (Plea Agreement), 122-24 (Judgment).

[2]    ECF No. 8-8 at 114-22 (Plea Agreement), 180 (Judgment).

[3]    ECF No. 8-14 at 118, 144, and 162.

[4]    *See* http://www.search.txcourts.gov, search for "Costas, Luis" last visited February 16, 2026.

[5]    ECF Nos. 8-7 at 5-20, 8-13 at 5-20.

[6]    ECF Nos. 8-10, 8-15.

(Tex. Crim. App.).[7]  Thereafter, Petitioner placed the instant federal habeas petition in the prison mail system on June 16, 2025.[8]

## II. <u>Timeliness Analysis</u>

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d).  Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's convictions became final July 31, 1994, when the time for appealing the judgments and sentences expired.  *See* Tex. R. App. P. 26.2 (providing a notice of appeal must be filed within thirty days following the imposition of a sentence).  However, the one-year limitations period of § 2244(d)(1) did not become effective until April 24, 1996, the day Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  *See* Pub. L. No. 104–132, 110 Stat. 1217.  As a result, the limitations period under § 2244(d) for Petitioner to file a federal habeas petition challenging his underlying convictions expired a year later on April 24, 1997.[9]  *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998) (finding

---

[7]    ECF Nos. 8-17 at 4-17 (Application), 9-1 (Notice).

[8]    ECF No. 1 at 15.

[9]    In what appears like an inadvertent mistake, Respondent incorrectly asserts that Petitioner's conviction became final July 1, 1995, a year after his judgments were entered. (ECF No. 9 at 10-11).  Respondent also erroneously contends that the limitations period began to run that day, before the AEDPA was even enacted, and expired a year later on July 1, 1996. *Id.* at 11.  The Court has not relied on these errors in determining Petitioner's untimeliness.

such petitioners have one year after the April 24, 1996, effective date of AEDPA in which to file a § 2254 petition for collateral relief).

Because Petitioner did not file his § 2254 petition until June 16, 2025—over twenty-eight years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

A.    **Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." While Petitioner challenged the instant convictions by filing three applications for state post-conviction relief, none of the applications were filed prior to Petitioner's limitations period expiring in April 1997. Because the state habeas applications filed by Petitioner were filed well after the time for filing a federal petition under § 2244(d)(1) had lapsed, they do not toll the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). As such, the instant § 2254 petition, filed June 16, 2025, is still very late.

4

**B.**    <u>**Equitable Tolling**</u>

In some cases, the limitations period may be subject to equitable tolling.  The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not replied to Respondent's assertion of the limitations period, and his § 2254 petition provides no valid argument for equitably tolling the limitations period in this case.[10]  Even with the benefit of liberal construction, Petitioner is not entitled to the application of equitable tolling because he has not demonstrated the existence of an "extraordinary circumstance" that prevented his timely filing.  Indeed, a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period.  *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Again, each of the allegations in Petitioner's federal petition concern the constitutionality of his

---

[10]    Petitioner argues only that "newly discovered errors are not barred by the 1-year time statute." (ECF No. 1 at 13-14).  Such is not the law. *See* 28 U.S.C. § 2244(d)(1)(D) (finding limitations period may run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.").  As Petitioner challenges only the stacking of his sentences pursuant to the plea bargain, there is no question his claims could have been discovered by the time his judgments were entered in July 1994.

July 1994 guilty pleas and the stacking of his sentences pursuant to the plea bargain agreement, yet Petitioner did not submit his first state habeas corpus applications challenging these convictions until August 2022, over twenty-eight years after his conviction had become final under state law and over twenty-six years after the enactment of the AEDPA. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application); *North v. Davis*, 800 F. App'x 211, 214-15 (5th Cir. 2020) (unpublished) (finding an "eleven-month delay in filing his initial state application weighs against a finding of diligence.").

In short, Petitioner fails to establish that his claims could not have been discovered and presented much earlier. Because Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III. <u>Certificate of Appealability</u>

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition

should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id.* In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack*, 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Here, the one-year statute of limitations found in the AEDPA has been in place since 1996, yet Petitioner provided no reasonable justification for missing the filing deadline by well over two-and-a-half decades. Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief, and a COA will not issue.

## IV. Conclusion

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

7

1.      Federal habeas corpus relief is **DENIED** and Petitioner Luis Costas's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2.      No Certificate of Appealability shall issue in this case; and

3.      All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the ____ day of February, 2026.

**ORLANDO L. GARCIA**
**United States District Judge**